UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

DEBTOR(S): LATASHA USILLA LEE                    CASE NO: 10-

_X_ CHAPTER 13 PLAN                              ___ AMENDED CHAPTER 13 PLAN

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan. as modified by the Bankruptcy Court, may modify your rights by providing for payments of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

**PLAN PAYMENTS AND LENGTH OF PLAN** The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of $1,043.00 for 60 months, or longer to a maximum of 60 months. Each pre-confirmation plan payment shall include all adequate protection payments made pursuant to Subsection 1326(a)(1)(C).

**CLAIMS GENERALLY**: The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

**ADMINISTRATIVE CLAIMS**: ** Trustee will pay in full allowed administrative claims and expenses pursuant to Subsection 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of this claim.

**The attorney fees to be paid under the Plan shall be paid in the amount of $230.00 per month until paid in full.**

**TRUSTEES FEES**: Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

**ATTORNEY FEES FOR DEBTOR'S COUNSEL PAID IN PLAN**:** See Admin Claims

Total Amount of Attorneys' Fees          Amount Paid Through Plan

$3,600.00                                $1,900.00

**PRIORITY CLAIMS**:

(A) **Domestic Support Obligations**: Debtor(s) is required to

pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C. Subsection 507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. Subsection 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

**NONE**

Pursuant to Subsection 507(a)(a)(B), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

**NONE**
    (B) **Other priority Claims (e.g., tax claims):** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

**NONE**

**SECURED CLAIMS**:

    The regular monthly contractual payments owing on all secured claims, including the secured claims owing mortgage creditors, shall be paid through the Plan as part of the Plan payment to the Chapter 13 Trustee. The Debtor(s) may, if current in payments to an individual secured creditor, elect to file a motion seeking leave of court to the make direct payments to the creditor. Direct payments shall be made to the following Creditors pursuant to **Motion to Pay Secured Creditor Outside Plan.**

**NONE**
    **Pre-Confirmation Adequate Protection Payments:** No later than **30 days** after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make
the following adequate protection payments **to creditors** pursuant to Subsection 1326(a)(1)(C). If the Debtor(s) makes such adequate protection payments on allowed claims to the Trustee
pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.

**DEBTOR TO MAKE AP PAYMENTS TO TRUSTEE ON BELOW SECURED CREDITORS**

    **(A) Claims Secured by Real Property Which Debtor(s) Intends to Retain/Mortgage Payments Paid Through the Plan:** Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all

regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the **post-petition mortgage payments** on the following mortgage claims:

**Name of Creditor:WELLS FARGO MORTGAGE**
**Security: HOMESTEAD**
**Total Estimated Claim: $57,536.00**
**Interest Rate: 6.75**
**Estimated/AP Payment: $643.00 X 60 MOS = $38,580.00**

(B) **Claims Secured by Real Property Which Debtor(s) Intends to Retain/Arrearages Paid Through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the **pre-petition arrearages** on the following mortgage claims:

**Name of Creditor: WELLS FARGO MORTGAGE**
**Security: HOMESTEAD**
**Total Estimated Arrearage: $11,925.00**
**Estimated Payment: $198.75 X 60 MOS**

(C) **Claims to Which Subsection 506 Valuations is NOT Applicable:** Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of the filing the bankruptcy petition, or, if the collateral for the debt is any other value, the debt was incurred within one year of filing. Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

**Name of Creditor: AUTO CREDIT OF TAMPA (IN FULL)**
**Security: 1999 HONDA ODYSSEY**
**Interest Rate: 5.25%**
**Adequate Protection Payment: $165.60 X 40 MOS**
**Total to be Paid thru Plan: $6,624.00**

(D) Claims to Which Subsection 506 Valuation is Applicable:

**NONE**
(E) Secured Claims on Personal Property-Balance Including any Arrearage Paid in Plan:

**NONE**
Surrender of Collateral: Debtor(s) will surrender the

following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

**NONE**
**SECURED - JUDICIAL LIENS TO BE AVOIDED:**

**NONE**

**LEASES/EXECUTORY CONTRACTS:**

**NONE**

**OTHER CREDITORS PAID IN FULL IN PLAN:**

**NONE**

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated percentage dividend to unsecured creditors is $0.00. **The student loan creditor is deferred and will not receive distribution under the Plan.**

### PLAN SUMMARY

| | |
|---|---|
| Priority: | $0.00 |
| Secured Creditors: | |
| 1. Wells Fargo (arr+mo) | 50,505.00 |
| 2. Auto Credit (In full) | 6,624.00 |
| Attorney's Fees: | 1,900.00 |
| Unsecured Creditors (Pro rata distribution) | 0.00 |
| Subtotal | $59,029.00 |
| Trustee's Fee (6%) | 3,542.00 |
| Total | $62,571.00 |
| **Plan Payments $1,043.00 X 60 mos** | $62,580.00 |
| Pre-Confirmation Payments: | **$1,043.00** |

**OTHER PROVISIONS:**

1. Secured Creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any Creditor shall be the amount allowed in a proof of claim filed by the Creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court

3. Property of the Estate shall not vest in the Debtors(s) until the earlier of the Debtor(s)' Discharge or dismissal of this case, unless the Court orders otherwise.

_3/1/10_
**Date**

Latasha Usilla Lee
**Latasha Usilla Lee**